David **HERNANDEZ–PEREZ,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–70523.
Agency No. A77–289–701.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Richard M. Evans, U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM**

David Hernandez–Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have partial jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's decision to deny withholding of removal, see Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001), and relief under CAT, see Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's conclusions that Hernandez–Perez's application did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B), see Hakeem v. INS, 273 F.3d 812, 815 (9th Cir.2001), and did not demonstrate extraordinary or changed circumstances pursuant to section 1158(a)(2)(D), see Molina–Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we lack jurisdiction to review Hernandez–Perez's contentions regarding the merits of his asylum claim.

The BIA properly denied withholding of removal because substantial evidence supports the BIA's adverse credibility finding. See de Leon–Barrios v. INS, 116 F.3d 391, 393–94 (9th Cir.1997). Hernandez–Perez testified that a police officer tortured his brother to death, and that the same police officer threatened, detained and beat Hernandez–Perez when he at-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tempted to investigate his brother's death. Hernandez–Perez offered a newspaper article, however, as corroborating evidence that states that his brother was run over by a car after soccer practice. Accordingly, the BIA properly found Hernandez–Perez had not provided credible testimony showing that it is more likely than not that he will be persecuted upon his return to Guatemala. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001); *see also Mejia Piaz v. INS,* 111 F.3d 720, 722 (9th Cir.1997) (concluding that petitioner's credibility may be evaluated in light of the strength or weakness of such other evidence as the petitioner may present).

■ Hernandez–Perez's claim under CAT is based on the same evidence as his claim for withholding, which the BIA determined to be not credible. Consequently, Hernandez–Perez cannot qualify for relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Hernandez–Perez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**